UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Xingyuanfa E-Commerce Co., Ltd., *Plaintiff*, v. Shenzhen Lanhe Technologies Co., Ltd., *Defendant*. | CASE NO. **Jury Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Xingyuanfa E-Commerce Co., Ltd., d/b/a CIVPOWER-US ("CIVPOWER-US," or "Plaintiff"), against Defendant Shenzhen Lanhe Technologies Co., Ltd ("Defendant"), claiming for patent non-infringement of certain Neck Fans, and invalidity and unenforceability against U.S. Patent No. 11,187,241 ("'241 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103, 112 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a). Defendant's actions have caused and continues to cause significant harm to Plaintiff as the Neck Fans have been removed from Amazon through the enforcement of the '241Patent.

1

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '241 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112, and unenforceable.

## THE PARTIES

**THE PLAINTIFF**

3. Plaintiff Shenzhen Xingyuanfa E-Commerce Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Shenzhen, China.

**THE DEFENDANT**

4. On information and belief, Defendant Shenzhen Lanhe Technologies Co., Ltd, is a limited liability company organized and existing under the laws of the People's Republic of China. Defendant's email address is ed@edwardricelaw.com.

5. Upon information and belief, Defendant is the applicant and assignee of the '241 Patent.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

7. An actual case or controversy exists between the parties to this action. Defendant submitted infringement reports to Amazon against Plaintiff alleging the infringement of its '241 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant since the Defendant has directly availed herself of the United States, including Illinois, by applying for US patent and filing patent infringement complaint against Plaintiff with Amazon, which has affected sales and activities in the state of Illinois. Specifically, this Court has personal jurisdiction under FRCP 4(k)(2) over the Defendant because the claims arise under federal law, the Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, as Defendant is hiding in China, and the assertion of personal jurisdiction is reasonable and fair.

## FACTTUAL BACKGROUND

9. Plaintiff owns and operates Amazon storefronts through which it sells various types of fans, including Neck Fans.

10. Through long-term and continuous investment, as well as the consistent delivery of high-quality products, Plaintiff has gained widespread consumer recognition. Notably, over the past 12 months, Plaintiff has achieved 100% positive reviews and maintains a 4.9 out of 5 overall rating.



3

11. On June 20, 2025, Plaintiff received an email from Amazon stating that its Neck Fans allegedly infringe the '241 Patent. A true and correct copy of the Amazon's email is attached hereto as Exhibit 1. The emails also identified the rights holder as LANHE, and provided its email address as ed@edwardricelaw.com. Plaintiff's Neck Fans (ASINs: B0B5H2B5FX, B09ND6DVXZ, B0B5H3DBQK, B09ZY3YDQG, B0963TNK19, B0963TWVCL, B0926741K9 and B09269T78Y) were removed by Amazon because of Defendant's infringement complaint.

12. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for Neck Fans, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed Plaintiff's Neck Fans from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement report. Thus, Defendant's submission of Amazon infringement report has caused and continues to cause immediate and irreparable harm to Plaintiff.

## U.S. PATENT NO. 11,187,241

13. The face of the '241 Patent lists Defendant as its applicant and assignee. *See* Exhibit 2. The '241 Patent filed on July 15, 2021, and issued on November 30, 2021. *Id*.

14. The '241 Patent is entitled as "Portable Blowing Device," generally discloses a portable blowing device includes a body and fans arranged in the body. *Id*., at Abstract.

15. The '241 Patent has two independent claims and 18 dependent claims, each claim a portable blowing device.

## COUNT I
### (Declaration of Invalidity of U.S. Patent, No. 11,187,241)

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '241 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

18. The '241 Patent is invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

19. Claims of the '241 Patent are invalid as anticipated under 35 U.S.C. § 102 at least in light of Chinese Patent No. 213628072, entitled "Neck hanging type fan," to Shenzhen Jisu Technology Co Ltd., designed by Xiangfu Li ("CN '072 Patent"). A true and correct copy of CN '072 Patent, along with a Google Patent English version, is attached hereto as Exhibit 3. The CN '072 Patent was filed on September 30, 2020, and issued on July 6, 2021.

20. For example, exemplary claim 1 is invalid as anticipated by CN '072 Patent because CN '072 Patent explicitly teaches each and every limitation in that claim as the following:

- **CN '072 Patent discloses a body configured to be hung around a human neck, comprising an arc-shaped shell.** The shell includes an inner side wall defining an inner air inlet and an outer side wall defining an outer air inlet, satisfying the structural arrangement of dual-side air intake. *See* Exhibit 3, p. 14.

- **CN '072 Patent further discloses a fan disposed within the body.** Specifically, each fan assembly is located within a corresponding storage cavity inside the arc-shaped shell, enabling airflow through the device. *Id*.

- **CN '072 Patent also discloses a channel arranged in the body and extending along its length direction.** The internal receiving cavity of the arc-shaped shell runs longitudinally, accommodating airflow structures and forming an elongated air channel. *Id*., at pp. 13–14.

5

- **CN '072 Patent discloses a wind shield arranged within the channel to divide it into a sub-air channel and a receiving cavity.** The patent describes a divider plate that partitions the internal channel, creating separate airflow paths to direct air movement through the device. *Id*.

- **CN '072 Patent discloses air outlets formed in the body that communicate with the sub-air channel and the exterior.** The arc-shaped shell includes multiple air outlet holes positioned on its top wall, which connect directly to the sub-air channels and discharge airflow outward. *Id.*

- **CN '072 Patent discloses that airflow generated by the fan enters the sub-air channel via both the inner and outer air inlets, and then exits through the air outlets.** The described airflow pathway illustrates intake through both inner and outer air inlets, flow through the partitioned sub-air channel, and eventual exit via the outlet holes. *Id.*

21. Moreover, CN '072 Patent also discloses all the additional structural features recited in Claim 20 that distinguish it from Claim 1. Specifically, it teaches that the air channel is surrounded by a side wall, with a wind shield connected to the inner surface of that wall to form a sub-air channel. The CN '072 Patent also discloses that the air outlets are formed in the side wall and that guide vanes are arranged within the sub-air channel to direct airflow. *See* Exhibit 3, pp. 13–14.

22. Additionally, features recited in the other dependent claims are also anticipated in view of the CN '072 Patent.

23. Among the other bases, claims 1-20 of the '241 Patent are rendered obvious and/or anticipated by CN '072 Patent as listed above pursuant to the 35 U.S.C. §§ 102 and/or 103.

6

24. Defendant's baseless infringement report to the Amazon platform against Plaintiff have caused imminent and real threat of an infringement lawsuit.

25. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the '241 Patent is invalid under at least 35 U.S.C. §§ 102, 103.

## COUNT II
### (Declaration of Unenforceability of U.S. Patent, No. 11,187,241)

26. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

27. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the enforceability of the '241 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

28. As shown above, the claimed design of the '241 Patent was fully disclosed by the CN '072 Patent.

29. Upon information and belief, Defendant was aware of the CN '072 Patent before the filing date or at least during the prosecution of the '241 Patent.

30. The CN '072 Patent was issued on July 6, 2021. *See* Exhibit 3. Given the substantially similarities between the claims of the '241 Patent and the CN '072 Patent, Defendant should be aware of the CN '072 Patent before submitting the '241 Patent application.

31. However, during prosecution of the '241 Patent, Defendant withheld the material prior art CN '072 Patent. Had Defendant disclosed this prior art to the PTO, the application would not have issued.

32. Defendant knew that disclosing CN '072 Patent to the PTO would have prevented the issuance of the '241 Patent.

33. Accordingly, the '241 Patent is unenforceable due to the inequitable conduct of Defendant in failing to disclose this material information to the PTO.

34. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiff is entitled to a declaratory judgment that the '241 Patent is unenforceable.

## COUNT III
### (Tortious Interference with Existing Business Relationships)

35. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

36. Defendant's actions, as described herein, including baseless infringement claim to Amazon that Plaintiff' Neck Fans infringe upon its invalid and unenforceable '241 Patent has harmed Plaintiff's selling relationship with Amazon by putting Plaintiff at risk of their Amazon stores being permanently closed as a result of legally false infringement complaints, and hindering the continued sale and positive review of the Plaintiff' Neck Fans by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiff' competitors.

37. Defendant intended to harm and have irreparably harmed Plaintiff's reputation with Amazon by making these false statements to Amazon.

38. Plaintiff would lose valuable selling opportunities as a direct and proximate result, Plaintiff has suffered severe and irreparable harm which there is no adequate remedy at law.

39. Plaintiff is entitled to the imposition of a preliminary and permanent injunction against the Defendant, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiff's business relationship with Amazon.

40. By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendant in an amount to be determined at trial.

41. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendant and deter others similarly situated from committing such acts in the future.

42. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendant to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For judgment in favor of Plaintiff against Defendant on all claims.

b. Declaring that Defendant's '241 Patent is invalid.

c. Declaring that Defendant's '241 Patent is unenforceable.

d. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

e. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '241 Patent against Plaintiff and its Neck Fans.

f. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

g. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

h. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

   i.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

   j.  Awarding pre- and post- judgment interest.

   k.  Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demand a jury trial on all issues so triable.

Date: June 25, 2025

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529,
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073
***Attorney for Plaintiff***